**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SATANAND SHARMA, an individual,
AKA Stan Sharma; THE BIDYA
SHARMA IRREVOCABLE TRUST OF
1996, a trust,

        Plaintiffs - Appellants,

  v.

NATIONAL ENTERPRISES, INC., a
California corporation; et al.,

        Defendants - Appellees.

No. 09-56461

D.C. No. 2:09-cv-03345-DDP-JWJ

MEMORANDUM[*]

SATANAND SHARMA, an individual,
AKA Stan Sharma; THE BIDYA
SHARMA IRREVOCABLE TRUST OF
1996, a trust,

        Plaintiffs - Appellees,
  v.

NATIONAL ENTERPRISES, INC., a
California corporation,

        Defendant - Appellant,

Nos. 09-56828
     09-56962

D.C. No. 2:09-cv-03345-DDP-JWJ

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and

ROQUE DE LA FUENTE, II, an individual; et al.,

Defendants.

Appeals from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Satanand Sharma and the Bidya Sharma Irrevocable Trust of 1996 (collectively, "Sharma") appeal from the district court's order dismissing their action alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). National Enterprises, Inc. appeals from the order denying its motion for sanctions under Federal Rule of Civil Procedure 11. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (en banc). We review for an abuse of discretion the district court's Rule 11 determination.

---

[**]    The panel unanimously concludes these appeals are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC,* 339 F.3d 1146, 1150 (9th Cir. 2003). We affirm.

**Appeal No. 09-56461**

The district court properly dismissed the action because Sharma failed to allege facts showing that defendants' actions proximately caused the alleged injuries. *See Hemi Group, LLC v. City of New York*, 130 S. Ct. 983, 988-90 (2010) (discussing proximate cause requirement for civil RICO claims).

We are not persuaded by Sharma's contention regarding leave to amend. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) (affirming dismissal without leave to amend where amendment would be futile).

Sharma's remaining contentions are unpersuasive.

**Appeal Nos. 09-56828, 09-56962**

The district court did not abuse its discretion by denying National Enterprises' motion for Rule 11 sanctions after finding that the complaint was not legally or factually baseless from an objective perspective. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (listing factors that district courts must consider in determining whether to impose Rule 11 sanctions).

**APPEAL NO. 09-56461**: **AFFIRMED.**

**APPEAL NOS. 09-56828, 09-56962**: **AFFIRMED.**